N. J. Dept. Labor—Cordasco v. M. Weiss & Co.

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ALFONSO CORDASCO, PETITIONER, v. M. WEISS & COMPANY, RESPONDENT.

**Injury From Fire During Lunch Hour—Employes Permitted to Remain on Premises During Lunch—Smoking Prohibited —Lighted Match, Thrown by Smoker, Caused Fire—Case Dismissed.**

On finding of facts and rule for judgment.

A petition having been filed under the Workmen's Compensation statute, alleging an injury arising out of and in the course of his employment, the petitioner, represented by counsel F. D. Massucci, and the respondent, represented by James Skeffington, attorney, and due notice having been given the matter, being heard on February 3d, 1925, before Honorable Deputy Commission Harry J. Goas.

The petitioner, in his testimony, alleges that in attempting to extinguish a fire at the plant he received burns which caused his disability. He further alleged that this occurred

during a lunch period, and that it was his custom to remain at the plant during the lunch hour.

The respondent produced testimony by several witnesses, including foreman and manager of the respondent's plant, showing that while these men were not prohibited from remaining at the plant during the lunch hour, they were permitted to do so. Further testimony showed that the plant was so situated that it would not be impractical for the men to procure lunch outside of the plant conveniently and within the period prescribed for the lunch hour by the respondent.

Further testimony indicated that the petitioner was smoking, which was in direct disobeyance of the instructions and rules of the plant, and, in lighting a cigarette, threw the match so as to ignite some inflammable material, subsequently resulting in his present disability.

This was a voluntary act, in my opinion, on the part and in the course of his employment with the respondent within the purview of the Workmen's Compensation law of this state.

On a thorough consideration of the facts as presented in evidence at the time of hearing, and consideration of the briefs filed on behalf of the petitioner and the respondent, I find that the petitioner has failed to establish an accidental injury arising out of and in the course of the employment.

It is therefore ordered this 17th of March, 1925, that the above petition be and is hereby dismissed.

HARRY J. GOAS,
*Deputy Commissioner.*